GREAT AMERICAN INDEMNITY COMPANY, INC., Plaintiff, *v.* GREENBERG BROS. IRON & STEEL CORP. and LEWIS STEEL PRODUCTS CORP., Defendants.

Municipal Court of New York, Borough of Manhattan, First District, March 1, 1939.

*Jesse S. Richman*, for the plaintiff.

*A. M. Dreyer*, for the defendants.

GENUNG, J. The Great American Indemnity Company sues to recover a short rate premium on a policy of automobile liability insurance containing an indorsement permitting the insured to pay the premium in installments.

The installment due April 19, 1938, was not paid and the insurance company canceled the policy on June 23, 1938, by notice in writing.

The installment indorsement contained the following provision: " It is further understood and agreed that the failure of the named assured to pay, when due, any premium installment as provided for herein, other than the initial installment, shall be construed as a request by the named assured for cancellation of the policy; in which event the earned premium shall be calculated in accordance with the customary short rate table."

Defendants contend that because of that indorsement the policy was automatically canceled on April 19, 1938, the date that the installment became due, and that there was no further premium due on the policy.

According to plaintiff's proof, the indorsement was approved by the Superintendent of Insurance and the purpose of the indorsement was to enable the insurance company to collect a short rate premium on such a policy even where the policy was canceled by the insurance company. Otherwise, it is contended by the plaintiff, an installment indorsement on such a policy would permit an assured to obtain a policy for a period less than a year on an annual rate basis.

A representative of another insurance company, apparently called by the defendants as an expert, testified upon cross-examination that his company always reinstated policies by sending a notice of reinstatement. He admitted, however, that if a premium were paid by an assured or a broker after the installment premium became due, his company did not deem it necessary to send a notice

of reinstatement, unless the company had previously canceled the policy by notice.

The installment indorsement also contained the following provision: " Nothing herein contained shall vary, alter, or extend any provision or condition of the Policy, other than as above stated."

The policy also provided: " 11. Cancellation. This policy may be cancelled by the named insured by mailing written notice to the company stating when thereafter such cancellation shall be effective, in which case the company shall, upon demand, refund the excess of premium paid by such insured above the customary short rate premium for the expired term."

In my opinion the foregoing cancellation clause must be read together with the installment indorsement, and to effectually cancel the policy it would have been necessary for the assured to send a written notice or request for cancellation.

Judgment for the plaintiff for $284.87, with interest.